IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THERESA SEGERSON; TZ TRUCKING LLC,<br><br>　　　　*Plaintiffs,*<br><br>　　vs.<br><br>SCOTT SCHAUB; JOSH ZANTELLO; IAN LEIFER; TAMI AU; AMERICAN FOREST CASUALTY CO.; GORDON THOMAS HONEYWELL; AGTH CONSULTING,<br><br>　　　　*Defendants.* | Civ. No. 6:25-cv-1292-AA<br><br>**OPINION & ORDER** |

AIKEN, District Judge:

　　Self-represented Plaintiffs Theresa Segerson and TZ Trucking, LLC, bring four state law claims against Defendants Scott Schaub, Josh Zantello, Ian Leifer, Tami Au, American Forest Casualty Co., Gordon Thomas Honeywell, and AGTH Consulting ("Defendants"). *See* Second Amended Compl., ECF No. 6. For the reasons explained below, Plaintiffs' Complaint is dismissed with leave to amend and Plaintiffs are directed to retain counsel to represent TZ Trucking, LLC, and to serve Defendants by February 20, 2026.

**LEGAL STANDARD**

　　Self-represented (*pro se*) pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A court should

Page 1 – OPINION AND ORDER

construe the pleadings of self-represented plaintiffs liberally and give self-represented plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a self-represented litigant is entitled to notice of a complaint's deficiencies and provided the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id*.

## DISCUSSION

In July 2025, self-represented Plaintiffs brought four state law claims against Defendants: Breach of Contract, Legal Malpractice, Fraud/Misrepresentation, and Interference with Plaintiff's Property. The Court has determined that Plaintiffs' Complaint has several issues that need to be fixed before the case can move forward.

A.   *Service on Defendants*

Plaintiffs have not served Defendants. Under Federal Rule of Civil Procedure 4(m), a defendant must be served within 90 days after a complaint is filed. If the defendant is not served within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiffs filed the Complaint on July 22, 2025. One hundred sixty-two days have lapsed since then. Because Plaintiffs are self-represented, the Court finds good cause to grant Plaintiffs extra time to complete service on Defendants.

The Court directs Plaintiffs to complete service on Defendants by February 20, 2026. If service is not completed by that date, the Court will be compelled to dismiss the Complaint without prejudice.

B.     *A pro se Plaintiff Cannot Represent an LLC*

Plaintiffs consist of an individual and an LLC, TZ Trucking. "A [self-represented] litigant who is not a licensed attorney cannot represent a business entity in federal court." *See Rowland v. California Men's Colony*, 506 U.S. 194, 195 (1993) (stating that the law "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney" (citing cases)). "Although a non-attorney may appear [on] his own behalf, that privilege is personal to him. . . . He has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962)) (internal quotation marks omitted).

TZ Trucking's claims cannot proceed until TZ Trucking has retained licensed counsel to represent it. The Court directs TZ Trucking to retain counsel to represent its claims against Defendants by February 20, 2026 if it wishes to proceed with its claims, otherwise, TZ Trucking will be dismissed as a Plaintiff in this case.

C.  *Subject Matter Jurisdiction*

Finally, Plaintiffs' Complaint is dismissed with leave to amend because it fails to state the basis on which a federal court may exercise jurisdiction of Plaintiffs' state law claims. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike state courts, which are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds

of cases as authorized by the United States Constitution and Congress. *See id.*; *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (en banc).

Federal courts have jurisdiction over two primary categories of cases: (1) "federal question" cases; and (2) "diversity of citizenship" cases. A "federal question" case involves the Constitution or a federal law or treaty. *See* 28 U.S.C. § 1331. A "diversity of citizenship" case involves citizens of different states where the amount of damages is more than $75,000. *See* 28 U.S.C. § 1332(a)(1). When a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, it must dismiss the complaint, whether upon the motion of a party or on its own. *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015); *see also* Fed. R. Civ. P. 12(h)(3).

Plaintiffs allege only state law claims. State law claims do not involve the Constitution or a federal law or treaty. Therefore, the Court cannot exercise subject matter jurisdiction on the basis of a federal question. The only other jurisdictional basis available to Plaintiffs is "diversity of citizenship." *See* 28 U.S.C. § 1332(a)(1). To proceed on their state law claims in federal court, Plaintiffs must amend their Complaint to allege facts sufficient for the Court to exercise jurisdiction on the basis of "diversity."

## CONCLUSION

For the reasons explained above, the Court DISMISSES Plaintiffs' Complaint with leave to amend by February 20, 2026. The Court also directs Plaintiffs to both retain counsel to represent TZ Trucking and to complete service on Defendants by February 20, 2026.

It is so ORDERED and DATED this 8th day of January 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge